## HOLDEN v. SCUDDER.

(Circuit Court, E. D. Missouri, E. D. November 27, 1893.)

### No. 3,763.

1. GUARDIAN AND WARD—INSANE PERSON—SALE OF PERSONALTY.

Under the laws of Ohio, which authorize a guardian of an insane person to sell personal property without an order of court, "when for the interest of the ward," (Strong v. Strauss, 40 Ohio St. 87,) such guardian has no authority to assign the ward's part interest in a chose in action then in course of litigation by the other part owner, in consideration of the assignee's promise to pay all costs and expenses of such litigation, it appearing that the guardian has been made a defendant therein because he refused to join as plaintiff, for as the guardian would not be liable to costs, and would be entitled to share in any recovery, the assignment is without any consideration and against interest of ward.

2. ASSIGNMENT OF CHOSE IN ACTION—WHAT CONSTITUTES.

A conveyance of lands purchased by the grantor through an agent does not operate as an assignment of a right of action against such agent for profits wrongfully realized by him in the transaction.

In Equity. Suit by Lee S. Holden against Charles Scudder, administrator of the estate of Robert H. Gardner, and A. P. Selby,

to recover a half interest in certain moneys deposited in court in satisfaction of a decree. Heard on motion for a preliminary restraining order. Denied.

Joseph T. Tatum, for complainant.

Willi Brown, for defendants.

THAYER, District Judge. Prior to the 9th day of June, 1887, there had been filed, and was then pending, in this court, a suit by Robert F. Burt against Thomas H. Warren and several other defendants. The suit grew out of a land trade which had been negotiated some years previously by Thomas H. Warren, acting as agent for Burt & Gardner, with Francis G. Flanagan and several other persons who were said to have been interested with Flanagan in the deal. Of the nature of that suit, it is sufficient to say that it was claimed by Burt that Warren, who had been employed to negotiate the trade, had acted in bad faith towards his principals; that he had realized large profits by a breach of his duty as agent; and that he had forfeited his right to compensation for the services rendered in behalf of his principals. As the agent's compensation for the services in question had not been paid, and consisted of a contingent interest in certain lands which Burt & Gardner had acquired by the trade, the bill prayed that an outstanding contract securing such contingent interest in the lands might be canceled, and that Warren might be compelled to account for the profits which he had realized by the alleged breach of duty. When Burt brought the aforesaid suit, his partner, Gardner, was under guardianship in the state of Ohio as a person of unsound mind. The guardian refused to join with Burt as complainant in the aforesaid action, whereupon he was made a party defendant to the original bill. Pending the suit, Gardner died, and Charles Scudder was appointed administrator of his estate in Missouri; and by an amended bill filed on April 7, 1888, the administrator was substituted as a party defendant to represent Gardner's interest. In this posture of affairs, the following assignment was executed by the Ohio guardian, on the day it bears date:

"In consideration of L. S. Holden, of St. Louis, Missouri, agreeing to pay all costs and expenses, whatsoever, that may be incurred by reason of any proceeding or proceedings being brought in my name, as guardian of Robert H. Gardner, an imbecile, in any of the courts of the state of Missouri, or of the United States, against B. F. Hammett, Francis G. Flanagan, and Thos. H. Warren, or either of them, I, as such guardian, do hereby assign and transfer to said Holden any and all judgments that may be obtained in my favor, as such guardian, against said Hammett, Flanagan, and Warren, or either of them, by reason of such proceeding or proceedings, together with all the right, claim, and interest that the said Robert H. Gardner or his heirs might or may have in such judgment or judgments. In witness whereof, I have hereunto set my hand and seal this 9th day of June, 1887.

"T. King Wilson. [Seal.]"

The suit by Burt v. Warren et al. resulted in a long litigation in this court and the United States court of appeals, in which Scudder, the administrator, took an active part, and employed counsel to represent his intestate's interest. It terminated in a decree in favor

of Burt and Scudder, by which they were adjudged to recover of Warren the sum of $1,743.90, the same being the profits that he was shown to have realized. Warren v. Burt, 58 Fed. 101. It was further adjudged that Warren had forfeited his right to compensation for services rendered in negotiating the trade, and that the contract securing to him a contingent interest in the land of his principals be canceled and annulled. The sum of $1,743.90 has been paid into court, in satisfaction of the decree aforesaid, whereupon Lee S. Holden appears by his counsel, and files a bill to recover one-half of the fund now in the registry. The complainant claims that he is entitled to one-half of the fund as assignee of Gardner under the aforesaid assignment executed by T. King Wilson as guardian on June 9, 1887. He further prays that an order may be entered directing the clerk to withhold paying the fund to Gardner's administrator pending the prosecution of his suit.

The first question that arises upon this motion is whether the Ohio guardian had authority, under the laws of that state, to dispose of his ward's property for the consideration stated in the foregoing assignment. Under the laws of Ohio, it seems that a guardian of an insane person has authority, without an order of court, to sell his ward's personal estate, "when for the interest of the ward." Strong v. Strauss, 40 Ohio St. 87, 92. It was only by virtue of such power that the assignment now in question is attempted to be upheld. But the court is of the opinion that by the instrument in question the guardian did not make such a sale of his ward's property as is authorized by the Ohio statute, for the reason that the alleged sale was clearly detrimental to the interest of the ward. It is manifest from an inspection of the instrument that the guardian undertook to dispose of the property of his ward without consideration, and that the transaction really amounted to a gift to the assignee, Holden, of a portion of the ward's property. The assignment was made with especial reference to the suit of Burt v. Warren et al., which was then pending in Missouri. The guardian had been made a party defendant to that suit, because, being jointly interested with Burt in the claim against Warren, he would not join as a party plaintiff. Under these circumstances the guardian could not have been held liable for costs, in any event. If the suit resulted in a verdict in favor of Burt, his ward would be entitled to share in the recovery; but, if the action failed, Burt would be alone responsible for costs. It is manifest, therefore, that the agreement by Holden to pay all costs in the pending suit was of no advantage to the ward's estate; that the assignment was made for the benefit of the assignee, to enable him to speculate on the outcome of the litigation; and that the ward's interest was wholly overlooked. It goes without saying that an agreement affected with such vices, which rested upon no meritorious consideration, so far as the ward was concerned, and was obviously to his disadvantage, cannot be upheld under the Ohio statute.

Realizing the invalidity of his title to the fund under the alleged assignment, which is the only title counted upon the bill, the complainant has attempted to fortify it by affidavits showing a differ-

ent title. The affidavits show, in substance, these facts: That Gardner, before the suit of Burt v. Warren was brought, and before becoming insane, had sold all of his interest in the land in which Warren had a contingent interest for his commissions to one Nathaniel Wilson; that on April 14, 1887, Wilson sold said interest to Holden, the complainant, for $30,000; and that, in making such sale, Wilson agreed with Holden that he should be entitled to receive whatever sum might be recovered of Warren in the then pending suit of Burt v. Warren. But, assuming all that is stated to be true, the affidavits do not strengthen the complainant's title, for the following reasons: The sale and conveyance by Gardner to Wilson of his interest in the land which had been acquired by Burt & Gardner did not pass Gardner's interest in the profits that Warren had realized, and wrongfully withheld from his principals. That claim was a mere chose in action, which did not pass by the deed from Gardner to Wilson, and, as a matter of course, Wilson was without power to convey that claim to Holden. The fund in court did not issue out of the land which was conveyed by Gardner to Wilson, but was realized on the judgment against Warren for the profits which he had wrongfully withheld from his principals.

It is contended by the administrator that the assignment above mentioned was void on the ground of champerty, but, as the court is of the opinion that it was void for want of authority in the guardian to execute such an agreement, it has not found it necessary to consider whether it was also champertous.

The result is that title to the fund now in court must be held to be in Scudder, as administrator, and a restraining order will be denied.